UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRIAN DOUDNA,                                             CASE NO.:

    Plaintiff,

v.

DOLGENCORP, LLC

A Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, BRIAN DOUDNA ("Mr. Doudna" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant, DOLGENCORP, LLC ("DGC" or "Defendant") back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND PARTIES

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as Plaintiff's FMLA claims.

3. At all times relevant hereto, Plaintiff was an employee of Defendant and worked in Alachua County, Florida.

4. Defendant is a Florida limited liability company that provides restaurant services in, among others, Alachua County, Florida.

5. At all times relevant hereto, Defendant was an employer as defined by the FCRA, as it employed in excess of fifteen (15) or more employees.

6. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA because:

    (a) Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    (b) Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work

environment as a result of his disability or "perceived disability," and request for accommodations.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

8. At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## CONDITIONS PRECEDENT

10. On or around July 30, 2021, Plaintiff dual filed a Charge of Discrimination with the EEOC and FCHR alleging disability discrimination and retaliation against Defendant.

11. More than 180 days have passed since Plaintiff dual filed his Charge of Discrimination, and his FCRA claims are now ripe to be filed with this Court.

12. Plaintiff timely files this action.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for the Defendant from March 5, 2018, until November 2, 2020.

14. At the time of his termination, Plaintiff was employed as a Superior II.

15. For years, Plaintiff has suffered from disabling serious health conditions and disabilities, anxiety and depression.

16. Around August 23, 2020, Mr. Doudna experienced some side effects of his depression medication while operating a motor vehicle, which led him to be incapacitated and unfortunately detained.

17. Immediately, Mr. Doudna called his supervisor, Kim and informed her of his disability/serious health condition, and need for leave.

18. On August 24, 2022, Human Resources Representative, Tamm Brock, informed Mr. Doudna that DGC was placing him on unpaid leave as a result of the events of August 23, 2020.

19. In September 2020, DGC informed Mr. Doudna that he was allowed to return to work.

20. Before returning to work, Mr. Doudna approached Ms. Brock and informed her that the August 23, 2020 event had exacerbated his disabilities/serious health conditions and he required FMLA in order to treat same and get his medication adjusted.

21. While DGC provided Mr. Doudna with FMLA forms, it provided no guidance on the process, how to obtain certification, or how to properly complete the paperwork.

22. Despite this blatant interference, in the throes of depression, Mr. Doudna worked with his physicians and submitted the necessary paperwork to begin to take the protected leave he was entitled to.

23. As such, Mr. Doudna began disability/FMLA leave with a projected return date of November 2, 2020, which is considered "protected activity" under the FMLA and FCRA.

24. Around mid-October 2020, while Mr. Doudna was addressing his medical conditions and attempting to schedule physician appointments (a process made harder due to the COVID-19 pandemic), Director, Alain Ardeale, suddenly called Mr. Doudna and informed him that his FMLA paperwork was deficient.

25. Mr. Adeale failed to properly guide Mr. Doudna into what was the problem and refused to contact him further regarding the issue, constituting further interference and retaliation.

26. Within a few days of receiving Mr. Ardeale's call, Mr. Doudna hurriedly re-submitted his paperwork, but again, received no guidance or notification from DGC or any other third party throughout this process.

27. On October 23, 2020, Mr. Doudna's physician adjusted his medication, and just a few days later, Plaintiff began experiencing painful swelling as a side effect of the new dosage.

28. As a result, on November 2, 2020, Mr. Doudna sent a text message to Ms. Brock stating that he needed to extend his leave as he continued to deal with flare-ups of his disabilities/serious health conditions and the side effects of his medication.

29. Immediately after receiving Mr. Doudna's request for leave/reasonable accommodation, Ms. Brock called Plaintiff and informed him that he had been terminated, "three weeks ago," and that his FMLA/disability leave was never approved.

30. Mr. Doudna never received any official notification of any deficiencies regarding his FMLA until November 19, 2020 – several weeks after the decision to terminate him had purportedly been made.

31. Instead of providing him with proper FMLA guidance and notice, DGC sabotaged Mr. Doudna's leave request and weaponized his disability as well as his need for reasonable accommodations.

32. DGC very obviously terminated Mr. Doudna's employment in retaliation for him suffering a disability, for requesting reasonable accommodation

for same, for suffering a serious health condition, and for requiring unpaid leave pursuant to the FMLA in order to treat and address the condition.

33. Any other "reason" theorized by DGC for its termination of Mr. Doudna's employment is pure pretext.

34. The timing of Plaintiff's termination makes the causal connection between his use/attempted use of FMLA leave, his request for reasonable accommodation under the FCRA, and her termination sufficiently clear.

35. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

36. Mr. Doudna is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as Superior II.

37. Allowing Mr. Doudna to utilize a period of unpaid leave without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

38. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

39. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the FCRA.

40. Defendant was aware of Plaintiff's FCRA-protected disability and need for accommodation.

41. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

42. In short, despite the availability of reasonable accommodation under the FCRA, Defendant discriminated against Mr. Doudna based solely upon his disability.

43. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

44. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

45. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

46. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

47. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

48. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is protected class member as envisioned by the FCRA.

49. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

50. Defendant interfered with Plaintiff's FMLA rights by causing him to not avail himself to benefits he needed to use and was otherwise entitled to.

51. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

52. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

53. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Doudna notifying DGC of his serious health condition,

and in retaliation for Mr. Doudna utilizing unpaid leave pursuant to the FMLA in order to treat and address same.

54. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

55. Defendant's actions are the exact type of unfair and retaliatory employment practices the FCRA and FMLA were intended to prevent.

56. Defendant did not have a good faith basis for its actions, and Plaintiff, is therefore entitled to liquidated damages.

57. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

58. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

59. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 4, 7 – 9, 13-34, 50-59, above.

61. At all times relevant hereto, Plaintiff was protected by the FMLA.

62. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

63. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA rights by, among other things, not providing him proper guidance, sabotaging his leave efforts, and failing to restore him to the same or an equivalent position upon his return from FMLA leave.

64. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

65. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA**

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 4, 7 – 9, 13-34, 50-59 above.

67. At all times relevant hereto, Plaintiff was protected by the FMLA.

68. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

69. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for utilizing what should have been FMLA-protected leave.

70. Defendant acted with the intent to retaliate against Plaintiff, due to the extremely close proximity between Plaintiff's use of FMLA leave and his termination.

71. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

72. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

## COUNT III
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

73. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-59, above.

74. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

75. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

76. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

79. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

80. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-59,, above.

81. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

82. Plaintiff's objection constituted protected activity under the FCRA.

83. Plaintiff was terminated as a direct result of his disability disclosure, request for accommodation, and availing himself of reasonable accommodations.

84. Plaintiff's request for reasonable accommodations and undergoing leave, and his termination, are causally related.

85. Defendant's stated reasons for Plaintiff's termination are a pretext.

86. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award

of punitive damages against Defendant, to deter it and others from such conduct in the future.

88. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

89. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

DATED this 7th day of October 2022.

Respectfully Submitted,

**/s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*